**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JEREMIAH DAVILA-LYNCH on behalf
of himself and others similarly situated,

        Plaintiff,                    Case No. 1:18-cv-10072-FDS

                v.

HOSOPO CORPORATION D/B/A
HORIZON SOLAR POWER and
FLOWMEDIA SOLUTIONS LLC      :

        Defendants.

_____/

## JOINT STATEMENT CONTAINING A PROPOSED PRETRIAL SCHEDULE

Plaintiff Jeremiah Davila-Lynch ("Plaintiff") and Defendants HOSOPO Corporation

d/b/a Horizon Solar ("Horizon Solar") (together with Plaintiff, the "Parties"), through their

undersigned counsel, submit this Joint Report pursuant to Rule 16(b) and 26(f) of the Federal

Rules of Civil Procedure and Local Rule 16.1.[1]

### I. FED. R. CIV. P. 26(F) REPORT

**A.**     **Nature and Basis of Claims**

    1.    <u>Plaintiff's Statement</u>

Plaintiff has brought this action under the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage

about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin.*

---

[1] As of the date of filing this Joint Statement, and despite being previously served, Defendant Flowmedia Solutions, LLC has not yet appeared in the action. However, on June 1, 2018, counsel for the Plaintiff received a phone call from counsel that was potentially representing Flowmedia indicated that they were in the process of securing local counsel. As a result, the Plaintiff has not filed a motion for default.

*Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff alleges that Defendants violated the TCPA by making unsolicited and automated telemarketing calls, or by the fact that others did so on their behalf. Plaintiff seeks to represent a class of similarly situated individuals who were sent similar telemarketing calls from, or on behalf of, Defendants. The Plaintiff putative class period is for any calls that were sent within four years prior to the filing of the Complaint through the date of class certification. *See* 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court).

    2.    <u>Defendant Horizon Solar's Statement</u>

Defendant denies the material allegations set forth in Plaintiff's Complaint, including Plaintiff's entitlement to damages, and disputes the contentions raised therein. Among other denials and defenses, Defendant asserts Plaintiff, either expressly, implicitly, or by third parties, consented to telephonic communications with Defendant, if any. To the extent Plaintiff can establish any such communications occurred between Plaintiff and Defendant, such communications: (1) were initiated by Plaintiff; (2) were initiated by Defendant pursuant to Plaintiff's consent; (3) were not initiated by or on behalf of Defendant through the use of an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice; and/or (4) did not contain an advertisement or solicitation.

Additionally, Defendant disputes that any basis exists to convert the existing action between Plaintiff and Defendant into a nationwide class action as, among other reasons, Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23.

34371848.1

**B.      Possibilities of Settling or Resolving The Case**

Pursuant to Local Rule 16(c) Plaintiff made a settlement demand to Defendants on March 19, 2018.  Defendants will respond to Plaintiff's offer prior to or at the Scheduling Conference as directed by Local Rule 16(c). The Plaintiff is open to mediating a resolution to this matter on a class-wide basis.

**C.      Proposed Discovery Plan**

1.      <u>Proposed Discovery Plans</u>

*Plaintiff's Proposed Discovery Plan*

Plaintiff seeks discovery on the following subjects: (1) Defendants' and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendants' policies and procedures regarding compliance with the TCPA; (4) Defendants' affirmative defenses, such as safe harbor, consent, and established business relationship; (5) Defendants' negligence or willfulness regarding TCPA violations; (6) Defendants' document retention policies; (7) identification of witnesses; and (8) Defendants' relationship with any third parties that may have relevant information surrounding this matter.

The Plaintiff opposes any bifurcated discovery. First, as Flowmedia has not appeared, and may have been using vendors to complete the automated telemarketing that is the subject of the Complaint, bifurcation could result in the destruction of documents necessary to identify the putative class. The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action

34371848 1

accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court). However, not all telecommunications companies keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time.

Second, bifurcated discovery in this case will only result in needless conflict, more work for the Court, and unnecessary delay. As the Advisory Committee on the Federal Rules has warned about bifurcation generally it is "artificial and ultimately wasteful." Fed, R. Civ. P. 23(c)(1)(a) Notes of Advisory Committee on Rules—2003 Amendments. The parties will no doubt disagree on the scope of discovery, likely requiring the Court's intervention in a matter that would otherwise never arise. Instead, the Court should require both parties to participate in discovery as to both merits and class issues.

*Defendant's Proposed Discovery Plan*

Defendant intends to seek discovery from Plaintiff and/or third-parties on the following subjects: (1) the allegations set forth in the Complaint; (2) Plaintiff's business relationship with Defendant; (3) Plaintiff's consent and/or prior permission to receive the alleged telephone calls as alleged in the Complaint; (4) user, subscriber, registrant, and/or owner information related to the cellular telephone alleged in the Complaint; (5) ownership, maintenance, usage, subscription, and/or payments related to the cellular telephone alleged in the Complaint; (6) call data regarding telephone calls to the cellular telephone alleged in the Complaint; (7) identification of witnesses; and (8) Plaintiff's relationship with any third parties that may have relevant information

34371848 1

concerning the allegations and affirmative defenses asserted in this action. Defendant reserves the right to further modify and seek additional discovery.

Defendant seeks bifurcated discovery. Defendant contends that class-wide discovery should not be allowed until following decisions on (1) dispositive motions and (2) class certification given the substantial and prejudicial time and cost involved. To the extent class-wide discovery is necessary, it should be conducted in two phases. Phase I should include merits-based discovery as to the named Plaintiff and limited discovery as to the putative class only as to Rule 23 issues relative to Plaintiff's anticipated motion for class certification and Defendant's anticipated opposition to same. Merits-based discovery as to the putative class should be deferred to Phase II – after the issue of class certification is decided. Defendant believes that the class certification question is a threshold issue that should be decided first, as it will determine the scope of the case and help the parties and the Court manage the case most effectively and efficiently. *See* Fed. R. Civ. P. 23(c)(1) (stating that the Court should decided certification "[a]t an early practicable time" after commencement of a case filed as a class action); *see also* Manual for Complex Litigation, § 41.14 (4th ed. ) (stating that "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations."). Indeed, discovery on the merits is traditionally deferred until it is certain that the case will be allowed to proceed as a class action. *Eisen v. Carlisle & Jacqelin*, 417 U.S. 156, 177 (1974). If the Court desires briefing on the issue, the parties will be happy to file any appropriate motion.

2.      Electronically Stored Information

The Parties expect much discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise

made available. The Plaintiff has provided the Defendant with a proposed Order governing the format and production of discovery in this matter. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

3.      <u>Privilege and Preservation</u>

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

4.      <u>Limitations on Discovery</u>

The Parties do not anticipate any changes to the limitations set forth in the Rules.

5.      <u>Additional Orders</u>

The Parties have agreed to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d).

**D.**      **Consent to Magistrate**

The parties do not consent to proceeding before a magistrate judge.

## II. PROPOSED PRETRIAL SCHEDULE

| EVENT | PLAINTIFF AND HORIZON SOLAR'S PROPOSAL |
|---|---|
| Deadline to Amend Pleadings | June 29, 2018 |

34371848 1

| | |
|---|---|
| Fact Discovery Deadline | January 31, 2019 |
| Plaintiff's Expert Reports | February 28, 2019 |
| Defendants' Expert Reports | March 29, 20190 |
| Plaintiff's Rebuttal Reports | April 15, 2019 |
| Defendant's Rebuttal Reports | April 30, 2019 |
| Expert Deposition Deadline for Plaintiff's Experts | May 15, 2019 |
| Expert Deposition Deadline for Defendants' Experts | May 30, 2019 |
| Summary Judgment Deadline Class Certification Motion Deadline | June 30, 2019 |
| Parties' Opposition to Summary Judgment | 30 days after filing |
| Parties' Reply to Oppositions to Summary Judgment | 14 days after the opposition is filed |
| Plaintiff's Class Certification Motion Deadline | August 24, 2019 |
| Opposition to Class Certification | 30 days after filing |
| Plaintiff's Reply Brief Deadline | 14 days after opposition is filed |
| ADR Deadline | July 31, 2019 |

| Pretrial Conference | TBD |
|---|---|
| Trial | TBD |

By: Respectfully submitted,

| | |
|---|---|
| */s/ Anthony I. Paronich*<br>Edward A. Broderick<br>Anthony I. Paronich<br>Broderick & Paronich, P.C.<br>99 High Street, Suite 304<br>Boston, MA 02110<br>(617) 738-7080<br>ted@broderick-law.com<br>anthony@broderick-law.com<br><br>*Attorneys for Plaintiff and the Proposed Class* | */s/ Greil I. Roberts*<br>Greil I. Roberts<br>Thomas Blatchley (admitted pro hac vice)<br>Gordon & Rees LLP<br>95 Glastonbury Boulevard, Suite 206<br>Glastonbury, CT 06033<br>Phone: (860) 494-7507<br>Fax: (860) 560-0185<br>groberts@grsm.com<br>tblatchley@grsm.com<br><br>*Attorneys for Horizon Solar* |
| | |

Dated: June 4, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

/s/ Anthony I. Paronich
Anthony I. Paronich

34371848 1