# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEREMIAH DAVILA-LYNCH, on behalf of himself and others similarly situated, | ) ) | |
| *Plaintiff,* | ) ) ) | Civil Action No.: 1:18-cv-10072-FDS |
| v. | ) ) | |
| HOSOPO CORPORATION D/B/A HORIZON SOLAR POWER and FLOW MEDIA SOLUTIONS LLC, | ) ) ) | |
| *Defendants.* | ) | |

## [PROPOSED] AGREED PROTECTIVE ORDER AS TO CONFIDENTIALITY

Upon the agreement of Plaintiff Jeremiah Davila-Lynch, and Horizon Corporation D/B/A Horizon Solar Power ("Defendant") by and through their respective counsel, for entry of this Order ("Agreed Protective Order"), and pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED as follows:

1.       This Agreed Protective Order applies to all claims asserted by Plaintiff and the putative class against Defendant in the above-captioned lawsuit, including any additional claims of the Plaintiff and/or Defendant which may be added after this Agreed Protective Order is entered, and governs the disclosure and use of any information or material designated as "Confidential" and "Confidential – For Attorney's Eyes Only" as set forth below. "Confidential" and "Confidential – For Attorney's Eyes Only" material may include any information appearing in a document, testimony or material disclosed through formal or informal discovery or otherwise in the course of litigation, such as written, recorded or graphic material, answers to interrogatories, deposition transcripts, deposition testimony, exhibits, responses to

1

requests for admissions and any other discovery under Rule 26 produced by any party ("Producing Party") or, otherwise obtained by any party .

2.      The protections conferred by the Agreed Protective Order cover not only "Confidential" and "Confidential – For Attorney's Eyes Only" material (as described above), but also (i) any information copied, derived from or extracted from "Confidential" and/or "Confidential – Attorney's Eyes Only" material; (ii) all copies, excerpts, summaries, or compilations of "Confidential" and/or "Confidential – Attorney's Eyes Only" material; and (iii) any direct or indirect testimony, conversations, or presentations by parties or their counsel that might reveal "Confidential" and/or "Confidential – Attorney's Eyes Only" material or the existence of "Confidential" and/or "Confidential – Attorney's Eyes Only" material.  However, the protections conferred by this Agreed Protective Order do not cover information that is in the public domain.  Moreover, the protections conferred by this Agreed Protective Order are not intended to prohibit a party's counsel from discussing "Confidential" and/or "Confidential – Attorney's Eyes Only" material with the party, the party's experts, or witnesses, provided that they comply with the terms set forth in paragraphs 4 through 6.

3.      Any Producing Party may designate information or items for protection as "Confidential" or "Confidential – Attorney's Eyes Only" under this Agreed Protective Order if such party believes in good faith that absent the protection provided by this designation, the public disclosure of such information or item would affect the business, financial, proprietary, commercial or privacy interests of the Producing Party or be detrimental to the conduct of that party's business.

4.      Information or items that qualify for protection under this agreement must be clearly so designated before or when the material is disclosed or produced, and in the following manner:

   a.  Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) The designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page that that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making the appropriate markings in the margins on the page that qualifies for protection under this agreement).

   b.  Testimony given in deposition or in other pretrial proceedings: The parties must identify on the record, during the deposition, hearing or other proceeding, all testimony concerning information or materials made confidential under this agreement, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.  Prior to trial, the parties may address through motions *in limine* the portions of testimony they wish to designate as protected testimony, and seek a court order concerning those portions of testimony.

   c.  Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES

ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.    A receiving party shall use "Confidential" or "Confidential – Attorney's Eyes Only" material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle the above-captioned litigation (including appeals). "Confidential" or "Confidential – Attorney's Eyes Only" material shall not be disclosed, given, shown, made available or communicated in any way to anyone except for the purpose(s) expressly established by this Agreed Protective Order.

6.    "Confidential" and/or "Confidential – Attorney's Eyes Only" material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreed Protective Order, and the receiving party shall exercise due and proper care with respect to the storage, maintenance, custody, use, disclosure, transmission and dissemination of "Confidential" and "Confidential – Attorney's Eyes Only" materials, whether in paper or electronic format, so as to limit its use and/or disclosure only to those persons and solely under the circumstances authorized by this Agreed Protective Order, to protect the confidentiality of such material and to prevent the unauthorized use and/or disclosure of such material.

The Agreed Protective Order expressly prohibits the receiving party from directly or indirectly disclosing the existence of "Confidential" and/or "Confidential – Attorney's Eyes Only" material, the name of such "Confidential" and/or "Confidential – Attorney's Eyes Only" material, describing the form or content of the "Confidential" and/or "Confidential – Attorney's Eyes Only" material to any person or entity that does not fall within the scope of paragraph 5.

The Agreed Protective Order further prohibits receiving party's counsel of record from using "Confidential" and/or "Confidential – Attorney's Eyes Only" material in other ongoing or future lawsuits against Defendant.

7.     Material designated as "Confidential" and/or "Confidential – Attorney's Eyes Only" shall be disclosed for the purpose set forth in Paragraph 5 hereof only to:

(a) the parties to this action and/or their officers, directors and employees (including in-house counsel) to whom disclosure is reasonably necessary solely for the purpose(s) articulated in Paragraph 5, above, and who are signatories to this Agreed Protective Order or to the Joinder Agreement attached hereto as Exhibit A;

(b) counsel of record for the parties and employees of counsel to whom it is reasonably necessary to disclose the information for the purpose articulated in Paragraph 5, above, and who are signatories to this Agreed Protective Order or to the Joinder Agreement, attached hereto as Exhibit A;

(c) the Court, court reporters, and court personnel;

(d) experts retained by the parties or counsel to whom disclosure is reasonably necessary for the purpose articulated in Paragraph 5, above, and who are signatories to this Agreed Protective Order or to the Joinder Agreement, attached hereto as Exhibit A;

(e) copy or imaging services retained by counsel to assist in the duplication of "Confidential" and/or "Confidential – Attorney's Eyes Only" material, and who are signatories to this Agreed Protective Order or to the Joinder Agreement, attached hereto as Exhibit A;

(f) stenographic reporters employed by any party and who are signatories to this Agreed Protective Order or to the Joinder Agreement, attached hereto as Exhibit A;

(g) prior to and during their depositions, witnesses in the action to whom disclosure is reasonably necessary for the purposes articulated in Paragraph 4 above and who are signatories to this Agreed Protective Order or to the Joinder Agreement, attached hereto as Exhibit A.  Pages of transcribed deposition testimony or exhibits to depositions that reveal "Confidential" and/or "Confidential – Attorney's Eyes Only" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreed Protective Order.

(h) actual or potential witnesses to whom disclosure is reasonable necessary for the purposes articulated in Paragraph 5, above, and who are signatories to this Agreed Protective Order or to the Joinder Agreement, provided that such persons are not

permitted to retain documents, testimony, or material designated as "Confidential" and/or "Confidential – Attorney's Eyes Only";

(i) mediators or discovery masters assisting in this litigation and who are signatories to this Agreed Protective Order or to the Joinder Agreement;

(j) any other person to whom the Producing Party agrees in writing; and

(k) other persons upon order of this Court.

8.    Any Producing Party may designate information or items as "Confidential" and/or "Confidential – Attorney's Eyes Only" if such party believes, in good faith, that absent the protection provided by this designation, the disclosure of such information or item to the opposing party or parties would materially affect the business, financial, commercial, or privacy interests of the Producing Party or any party to this action. The uses for materials so designated shall be limited to those purposes set forth in Paragraph 5, above, and disclosure of such material may be made to the persons identified in Paragraph 7, with the exception of the parties to this action and their officers, directors, employees and agents, as set forth in Paragraph 5(a).

9.    If any party inadvertently produces or initially discloses any Confidential Material without marking it with the appropriate legend, the party may give notice to the receiving party that the information should be treated in accordance with the terms of this Agreed Protective Order, and shall forward appropriately marked copies of the items in question.  Within five (5) days of the receipt of the substitute copies, and upon request, the receiving party shall return the previously unmarked items and all copies thereof.  The inadvertent disclosure shall not be deemed a waiver of confidentiality or any other privilege.

10.    Notwithstanding the provisions of Paragraph 5 hereof, this Order has no effect upon, and its scope shall not extend to, any parties' use of its own information or material that it has designated as "Confidential" or "Confidential – For Attorney's Eyes Only." Additionally,

any person identified on a document as an author or a recipient of materials so designated, may be shown any such document regardless of the restrictions contained in this Order.

11.     All pleadings or any other filing with the Court, including paper or electronic documents, that constitute, incorporate, discuss, reference or disclose information or materials that have been designated as "Confidential" or "Confidential – For Attorney's Eyes Only" shall be labeled "Documents Subject to Protective Order," and filed under seal in accordance with the Court's rules. Also, such pleadings and other filings shall remain under seal until the Court orders otherwise.

12.     Each person who is given access to Discovery Material that has been designated as "Confidential" or "Confidential – For Attorney's Eyes Only" (other than persons described in Paragraphs 7(b), 7(c) hereof) shall be advised that:

> (a) the material so designated is being disclosed pursuant to the terms of this Agreed Protective Order, and that it may not be disclosed other than in accordance with its terms; and

> (b) violation of the terms of this Agreed Protective Order (by use of the designated materials for business purposes or in any other impermissible manner) may constitute contempt of court.

Also, before any person (other than persons described in Paragraphs 4(b), 4(c) hereof) is given access to material that has been designated as "Confidential" or "Confidential – For Attorney's Eyes Only," such person must also execute the Joinder Agreement attached as Exhibit A hereto.  In the event that a witness at a deposition refuses to sign the Joinder Agreement, any party may postpone the deposition until an order can be obtained from the Court specifically subjecting the witness to this Agreed Protective Order. Alternatively, the deposition may proceed but the protected portions of the transcript, and all of the protected exhibits used at that deposition, will be placed under seal. In such instance, the portions of the transcript and exhibits

shall be treated as "Confidential" or "Confidential – For Attorney's Eyes Only" until further order of the Court is obtained.

Further, when testimony is to be elicited at a deposition and/or when exhibits are to be used at a deposition that contain information that has been designated as "Confidential" or "Confidential – For Attorney's Eyes Only," such testimony shall be elicited and such exhibits shall be used only in the presence of persons who are entitled to have access to such information in accordance with the terms of this Agreed Protective Order.

13.     Material that is subject to this Order shall be designated as follows:

(a) Documents shall be designated by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" on each page of any such document, including paper or electronic documents, prior to production. Duplicate copies of documents so designated shall also be designated in this manner. For other tangible items, the producing party must affix in a prominent place on the exterior or the container or containers in which the information or item is stored the word "Confidential" or "Confidential – Attorney's Eyes Only."

(b) Answers to interrogatories, Answers to Requests for Admissions or to other discovery responses shall be designated by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" on each page of any answer that contains information that is protected from disclosure by this Order.

(c) During any deposition, any party may designate testimony as "Confidential" or "Confidential – For Attorney's Eyes Only." Further, any party may, no later than seventy-two (72) hours after receipt of a deposition transcript, so designate any portion of the testimony by providing notice in writing to all other parties of the portions to be treated as "Confidential" or "Confidential – For Attorney's Eyes Only." Also, all copies of deposition transcripts that contain information or exhibits that have been designated as such shall be prominently marked "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" on the cover thereof and, if filed with the Clerk, shall be filed under seal.

(d) At any hearing or trial, the parties must identify on the record all protected testimony concerning "Confidential" or "Confidential – Attorney's Eyes Only" material, without prejudice to their right to so designate other testimony after reviewing the transcript. Further, the parties agree that the courtroom

shall be cleared of any spectators when testimony related to "Confidential" or "Confidential – Attorney's Eyes Only" material will be elicited.

14.    No party concedes that any information or material designated by any other party as "Confidential" or "Confidential – For Attorney's Eyes Only" does in fact constitute such Material or that it has been properly designated. Also, any party may at any time move for: (i) modification of this Agreed Protective Order; or (ii) relief from the provisions of this Agreed Protective Order with respect to specific Discovery Material. In addition, the parties may agree in writing or on the record to necessary modifications of this Agreed Protective Order.

15.    A party shall not be obligated to challenge the propriety of the designation of Material as either "Confidential" or "Confidential – For Attorney's Eyes Only" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, the party shall send or give written notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may apply for appropriate ruling(s) from the Court. The Discovery Material in issue shall continue to be treated as designated by the Producing Party until the Court orders otherwise. In the event a party challenges the designation of Discovery Material as "Confidential" or "Confidential – For Attorney's Eyes Only," it is agreed that nothing in this Protective Order alters the burden of proof that would normally apply under Federal Civil Rule 26(c).

16.    If a receiving party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential Material" or "Confidential – For Attorney's Eyes Only," that party must:

a.  Notify the designating party in writing within two (2) business days of receipt of the subpoena or court order and include a copy of the subpoena or court order;

b.  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

c.  Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

17.     In the event that a Producing Party believes that there has been an unauthorized disclosure of "Confidential" and/or "Confidential – Attorney's Eyes Only" information or material in violation of this Agreed Protective Order, then after the Producing Party has in good faith conferred or attempted to confer with the other affected party in an effort to resolve the dispute, such party may file a Motion to Show Cause. In connection with that Motion, the Producing Party shall demonstrate that: (i) there was a disclosure of "Confidential" and/or "Confidential – Attorney's Eyes Only"  information or material in violation of the terms of this Protective Order; and (ii) the "Confidential" and/or "Confidential – Attorney's Eyes Only" Material improperly disclosed was in fact Confidential information or material that was properly designated as "Confidential" or "Confidential – For Attorney's Eyes Only" in accordance with Paragraph 2 hereof.

18.     If the receiving party becomes aware of any use or disclosure of "Confidential" and/or "Confidential – Attorney's Eyes Only" material not provided for in this Agreed Protective Order, including any breaches or security incidents, the receiving party must immediately (a) notify in writing the designating party of the unauthorized use or disclosure, (b) use its best

10

efforts to mitigate, to the extent practicable, any unauthorized use and/or disclosure, (c) use its best efforts to retrieve all unauthorized copies of the protected material, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (e) request that such person or persons execute the Joinder Agreement, attached hereto as Exhibit A Within 60 days after the termination of this action, including all appeals, each receiving party must return all "Confidential" or "Confidential – For Attorney's Eyes Only" Material to the Producing Party, including all copies, extracts, derivatives and summaries thereof.  Alternatively, the parties may agree upon the appropriate methods of destruction with the receiving parties to provide to counsel for the Producing Party a certificate reflecting such disposition.

19.    All provisions of this Agreed Protective Order shall continue to be binding throughout and after the conclusion of this litigation, including any appeals, unless subsequently modified by agreement between the parties or order of the Court.  The Court shall retain jurisdiction of this matter for the purpose of enforcing this Agreed Protective Order.

20.    In the event that any additional persons or entities become parties to this litigation, or additional parties desire to review documents designated as confidential pursuant to this Agreed Protective Order neither they nor their counsel shall have access to material that has been designated "Confidential" or "Confidential – For Attorney's Eyes Only" until the newly-joined party by its, his or her counsel and the existing parties to this action have so agreed to be bound by this Agreed Protective Order, by executing and delivering to all counsel the **Joinder Agreement** attached as Exhibit A to this order.

21.    This Agreed Protective Order may be executed in two or more counterparts by the respective parties, each of which when signed and delivered to the other respective parties shall

be deemed to be an original and all of which together shall constitute on binding agreement, subject to the approval of the Court.

  **DONE AND ORDERED** in Chambers at Boston, Massachusetts this __ day of _____, 2018.

                                        _____

                                        United States _____ Judge

copies furnished to: counsel of record

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEREMIAH DAVILA-LYNCH, on behalf of himself and others similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No.: 1:18-cv-10072-FDS |
| v. | ) ) | |
| HOSOPO CORPORATION D/B/A HORIZON SOLAR POWER and FLOW MEDIA SOLUTIONS LLC, | ) ) ) | |
| *Defendants.* | ) | |

## EXHIBIT A
## JOINDER AGREEMENT

1.     My name is _____.

2.     I have read the Agreed Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order and agree to comply with and to be bound by all of its provisions.

3.     I declare under penalty of perjury that the foregoing is true and correct.


Date: _____


_____
Signature