## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JEREMIAH DAVILA-LYNCH on behalf       :
of himself and others similarly situated,   :
                           :
      Plaintiffs,               :   Case No. 1:18-cv-10072-FDS
                           :
v.                            :   **FINAL APPROVAL ORDER AND JUDGMENT**
                           :
                           :
HOSOPO CORPORATION D/B/A       :
HORIZON SOLAR POWER,       :
                           :
      Defendant.             :
                           :
_____/

On January 15, 2021, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiff.[1] This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

**1.** Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by HOSOPO Corporation d/b/a Horizon Solar Power ("HOSOPO") in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2.      The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and HOSOPO's Counsel resulting in the Settlement Agreement.  These negotiations were presided over by an experienced mediator.

3.      The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4.      Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5.      HOSOPO filed a copy of the notice it gave on September 10, 2020, pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6.      Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7.      For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

8.      An award of $298,666.67 for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's

experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

9.      A Service Payment to Plaintiff of $10,000 is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

10.      Reimbursement to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement. The estimated amount of administration is $36,316.18, but all reasonable costs are ordered to be paid.

**IT IS ORDERED THAT:**

11.      **Class Members.**  The Settlement Class is certified as a class of (1) All persons in the United States who are the users or subscribers of the telephone numbers identified by Flowmedia in Jamie Williams' affidavit as being called for Horizon Solar (2) using the ViciDialer dialing system (3) from October 16, 2017 through December 8, 2017.

12.      **Binding Effect of Order**.  This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

13.      **Release**.  Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged HOSOPO from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

3

14. **Class Relief**. HOSOPO is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

15. **Cy Pres Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

16. **Miscellaneous.** No person or entity shall have any claim against HOSOPO, HOSOPO's Counsel, HOSOPO's insurers, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

17. **Final Judgment.**

(a) The Settlement Agreement, this Final Judgment and the Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission by any plaintiff, defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

(b) The Settlement Agreement, this Final Judgment and the Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission of any liability, fault, or wrongdoing, or in any way referred to for any other reason, by any plaintiff, defendant, Settlement Class Member, or Released Party or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment, and the

accompanying Final Approval Order.

(c)     The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

(d)     Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

(e)     The Court, finding that no reason exists for delay, hereby directs the clerk to enter this Final Judgment forthwith.

**18.    Court's Jurisdiction**.   Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

SO ORDERED this 5th day of February, 2021.

/s/ F. Dennis Saylor IV
THE HONORABLE F. DENNIS SAYLOR IV
UNITED STATES DISTRICT COURT